# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| James Todd,<br><br>  Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in St. Louis, MO at all times relevant to this action.

2. Defendant is a Delaware limited liability company that maintained its principal place of business in Virginia Beach, VA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Capital One, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. In or around May 2009, Defendant mailed Plaintiff a letter requesting payment of the debt.

14. In or around October 2009, Plaintiff filed for divorce.

15. In or around October 2009, before the divorce was finalized, Plaintiff's wife telephoned Defendant about the debt referenced in Defendant's letter.

16. During this communication, Plaintiff's wife provided Defendant with Plaintiff's bank account number without Plaintiff's permission and instructed Defendant to deduct a payment towards the alleged debt from Plaintiff's bank account without Plaintiff's permission.

17. On November 6, 2009, Defendant debited $831.60 from Plaintiff's bank account without Plaintiff's permission.

18. On November 9, 2009, Plaintiff provided his bank with an Affidavit declaring that he had not authorized the debit and the money was subsequently returned to Plaintiff's account.

19. In or around June 2010, Defendant telephoned Plaintiff in connection with the collection of the debt.

20. During this communication, Defendant demanded payment of the debt.

21. During this communication, Defendant stated that it had Plaintiff's bank account information on file and intended to process another debit towards payment of the debt.

22. During this communication, Plaintiff explicitly stated that Defendant did not have permission to debit any monies from his bank account.

23. On or around July 1, 2010, Defendant debited $148.48 from Plaintiff's bank account without Plaintiff's permission.

24. On or around July 9, 2010 Defendant telephoned Plaintiff in connection with the collection of the debt.

25. During this communication, Plaintiff informed defendant that he was represented by an attorney with respect to the debt.

26. On or around August 7, 2010, Defendant telephoned Plaintiff in connection with the collection of the debt despite having knowledge that Plaintiff was represented by an attorney with respect to the debt.

27. Defendant caused Plaintiff emotional distress.

28. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in connection with the collection of the debt despite having knowledge that Plaintiff was represented by an attorney.

30. In support hereof, Plaintiff incorporates paragraphs 25-26 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

32. In support hereof, Plaintiff incorporates paragraphs 19-23 as if specifically stated herein.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Bar # 6290807IL
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs